NANCY ANNA BARKER *et al.* v. R. T. BATTEY.

No. 11,850. (64 Pac. 75.)

1. FRAUDULENT CONVEYANCE—*Administrator's Duty—Creditor's Right.* Where the estate of a decedent is insufficient for the payment of his debts, and it appears that before his death he conveyed real estate with intent to defraud his creditors, and that the administrator occupies a position antagonistic to the interests of creditors, and refuses, upon their request, to institute a proceeding to reach the property fraudulently transferred, a creditor beneficially interested may bring an action to set aside the fraudulent conveyance, making the administator and others interested defendants.

2. ———— *Jurisdiction of District Court.* The probate court, by reason of its limited powers and jurisdiction, could not afford such creditor an adequate remedy, and, as there were equitable grounds of jurisdiction, the action was properly brought in the district court.

Error from Marion district court; O. L. MOORE, judge. Opinion filed March 9, 1901. *In banc.* Affirmed.

*Madden Bros.*, for plaintiffs in error.

*Keller & Dean*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action in the nature of a creditor's bill, brought by R. T. Battey against the heirs of Charles Barker, deceased. Battey held a claim of $6200 against Charles Barker in his lifetime, which had been put in judgment, and it is alleged in the petition that, prior to his death and while Barker was insolvent, he fraudulently transferred and caused to be transferred, through F. W. Tucker, a tract of land of considerable value to his daughter Nancy Anna Barker, and that without this land the claim and judgment of Battey cannot be realized out of the

Barker estate. F. F. Healey, who is a brother-in-law of Nancy Anna Barker and whose wife is her guardian, was appointed administrator of the Barker estate, and the petition sets forth that Battey requested the administrator to take judicial steps to have the land so fraudulently transferred declared to be the property of the estate, but that he refused to do so, and hence this action was brought by Battey as judgment creditor. Whether he is entitled to maintain the action is the first question presented for consideration.

Under section 2804, General Statutes of 1899 (Gen. Stat. 1897, ch. 107, § 115), it is provided that real estate which the deceased may have conveyed with intent to defraud his creditors is liable to be sold as part of the estate. The statute does not expressly provide who may institute proceedings to set aside fraudulent conveyances so made. Doubtless it is within the power of the executor or administrator to bring a proceeding in equity for that purpose, but there is nothing in the statute, nor in reason, which would exclude a creditor from availing himself of the equitable remedy for his own protection. The creditor has the right to treat the fraudulent conveyance as void to the extent of his debt, and he alone could maintain such an action at common law. If the executor or administrator, as in this case, occupies a position antagonistic to the interests of creditors, and especially where he refuses, upon request, to institute a proceeding to reach property fraudulently transferred, a creditor beneficially interested may bring an action, making the administrator and other interested parties defendants.

In *Crawford's Adm'r v. Lehr*, 20 Kan. 509, it was said that an administrator cannot maintain an action against a fraudulent vendee to recover personal property received from the deceased, and some of the

objections to an administrator bringing actions in behalf of creditors to recover property from fraudulent vendees are pointed out. It is there stated that it is better to let the creditors proceed against such fraudulent vendees in their own behalf.

Attention is called to the case of assignees, in which it has been held that application should be made to the court to require the assignee to act, but the assignee is an officer of the court and a trustee for the creditors as well as others interested in the assigned estate. The administrator is subject to the control and direction of the probate court, and there are not in that court such chancery powers and jurisdiction as would enable it to investigate fraudulent transfers or to set aside fraudulent conveyances of real estate.

The fact that the administration of the Barker estate has not been completed in the probate court does not prevent the district court from taking jurisdiction of this case, since the probate court, by reason of its limited powers and jurisdiction, cannot afford an adequate remedy. (*Shoemaker v. Brown*, 10 Kan. 383; *Johnson v. Cain*, 15 id. 532; *Klemp v. Winter*, 23 id. 699; *In re Hyde, Petitioner*, 47 id. 277, 27 Pac. 1001.) If the probate court should direct a sale of the property, it would probably result in a sacrifice of the same, as the title stands in the name of another, and it appears that the property does not constitute a part of the estate. A more practical and just method was adopted in this case in taking steps to set aside the fraudulent transfer in a court of competent jurisdiction, where it was decreed that the property belongs to the estate. When this is done the property can be sold at a price approximating its actual value, and the rights of all persons involved fully protected. As tending to show that the creditor may properly maintain the action,

we cite *Bate v. Graham*, 11 N. Y. 237 ; *Phelps v. Platt*, 50 Barb. 430 ; *Barton v. Hosner*, 22 Hun, 463 ; *N. Bank v. Levy et al.*, 127 N. Y. 549, 28 N. E. 592 ; *Tuck v. Walker*, 106 N. C. 285, 11 S. E. 183 ; *Haston v. Castner*, 31 N. J. Eq. 697 ; *Marshall v. Blass*, 82 Mich. 518, 46 N. W. 947.

It is contended that the creditor had no right to leave the probate court and take this controversy into the district court. As already seen, the remedy obtainable in the probate court is altogether inadequate, and, as equity jurisdiction must necessarily be invoked to set aside fraudulent conveyances, the action was properly brought in the district court.

The objection to the admission of testimony appears to be without merit, and the evidence seems to be sufficient to sustain the findings and judgment of the district court.

The judgment is affirmed.