No. 18,612.

SAMUEL R. FAIRBANK et al., *Appellees,* V. RUDOLPH FAIRBANK, *Appellant,* AND ELIZA CARTER et al., *Appellees.*

SYLLABUS BY THE COURT.

1. WILL—*Deed—Undue Influence — Set Aside — Sufficient Evidence.* The evidence examined and held sufficient to support a finding of undue influence in the execution of a deed and a will.

2. TRIAL—*Rulings Assigned as Error—Not Prejudicial.* Assignments of error with respect to trial rulings examined and held not to require a reversal.

Appeal from Jackson district court; OSCAR RAINES, judge. Opinion filed April 11, 1914. Affirmed.

*James H. Lowell,* and *Charles Hayden,* both of Holton, for the appellant.

*J. B. Larimer,* of Topeka, *E. D. Woodburn, A. E. Crane, F. T. Woodburn, E. R. Sloan, Guy L. Hursh,* all of Holton, and *H. T. Phinney,* of Oskaloosa, for the appellees.

The opinion of the court was delivered by

MASON, J.: On March 31, 1906, Elizabeth Fairbank, a widow, executed to her son, Rudolph L. Fairbank, a warranty deed to a tract of land containing 350 acres. On February 14, 1907, she executed a will giving almost the whole of her property to him, and naming

him as executor. She died on August 3, 1908. In an action brought by other heirs—her grandchildren—and participated in by her daughter, Eliza Carter, the deed and will were held to have been the result of undue influence, and were set aside. Rudolph L. Fairbank appeals.

Error is assigned with respect to various specific rulings, but the most serious question presented is whether there was any substantial evidence to support the finding of undue influence and to warrant a judgment setting aside the deed and will. The following must be regarded as a part of the established facts of the case, since they were either admitted, proved, or supported by sufficient evidence to warrant the trial court in finding their existence: The husband of Elizabeth Fairbank died intestate when she was thirty-six years of age. There were then five surviving children; Rudolph and Eliza, already referred to, aged respectively four and nine years; Artemas, who died intestate and unmarried; and William H. and Celia, who have since died. The sons and only children of William H., and the daughter and only child of Celia, are the plaintiffs in this action. The property covered by the deed and will in question was worth about $40,000. The deed was not recorded until after the death of the grantor, and the other members of the family did not know of its execution. It recited a consideration of one dollar. Mrs. Fairbank was 79 years of age at the time of her death. She had for some years been afflicted with Bright's disease, causing her much suffering. For about twenty-five years before her death her son Rudolph, who is unmarried, managed her property and business, living with her for the last few years. No bank account was kept in her name. She was feeble and in ill health. She had learned to read after she was sixty years of age. She was to a certain extent enfeebled mentally by dropsy, heart disease and Bright's disease. She was not as clear mentally as she had been.

The lawyer who drew her will had not previously been acquainted with her. She had never before employed him. Rudolph Fairbank was frequently in his office consulting him as his attorney at about this time. Some ten years before she died Elizabeth Fairbank expressed an intention that her daughter, Mrs. Carter, should have an equal share of her property, and she repeated this a year and a half before her death. She said that she did not have control of her money; that Rudolph kept it in his possession; that she intended to have her right; that she would have to resort to law with Rudolph to have it fixed. To a nurse who was in attendance upon her she complained that she did not have as much money as she wanted; she cried and said she would have to take the law to Dolph [Rudolph] because he did not do the right thing concerning money matters; that her property and his had never been divided; that she wanted this done, and he had promised to have a lawyer attend to it, but failed to do so. She asked the nurse to take word to a lawyer to come to see her, but changed her mind, saying that Rudolph might come home, and if he found a lawyer there unpleasantness might result; that she would see the lawyer later when Rudolph was out of town. She said her son did not think she was competent to handle money—that he did not give it to her. To the suggestion that her son would do the right thing she answered, "You don't know Dolph." The will gave to the testatrix's daughter, who was possessed of but small means, property worth about $500. The daughter of the dead daughter received nothing, and the sons of her dead son but $5 each. The will recited that advancements had been made from time to time to her children; there was evidence tending to contradict this.

No attempt is here made to summarize all the evidence. The portion of it which supported the appellant's contentions is purposely omitted, because the judgment must stand in spite of any conflict of testi-

mony or contradictory inferences, if there is substantial evidence fairly tending to support the decision of the trial court; and we think it must be said that such is the case. From the evidence set out it may reasonably be inferred that Rudolph Fairbank was the confidential agent and adviser of his mother; that he managed the business as though it were his own; that he had a complete ascendancy over her; that she stood in some fear of him; that her will was in some degree subservient to his; and that both the deed and the will were the result of his undue influence upon her.

It remains to consider the specific assignments of error. A motion to require Eliza Carter to separately state and number the causes of action set out in her answer, and a demurrer to her answer for misjoinder, were overruled. Neither ruling appears to have been prejudicial to the appellant. The cross-examination of a witness as to Mrs. Fairbank's mental condition was restricted, but as the court in effect found that she was of sound mind, this can not have been prejudicial. Various objections are made on account of the admission of evidence, but as the case was finally tried by the court, the admission even of incompetent evidence is not ground for reversal. (*McCready v. Crane,* 74 Kan. 710, 88 Pac. 748.) A statement made by Rudolph Fairbank as to his relations with his mother was stricken out. It was probably incompetent under the rule regarding transactions with persons since deceased, but in any event was not very important. A statement by another witness to the effect that Mrs. Fairbank was displeased with her daughter's marriage was stricken out, but the substance of it was afterwards admitted. A jury was impaneled to make answers to specific questions. Complaint is made of instructions given and refused. The court afterwards made findings of its own, upon which the judgment was rendered, so that these rulings can not be important

Fairbank v. Fairbank.

unless they show a mistaken view of the law in a material matter (*Linscott v. Conner,* 85 Kan. 865, 118 Pac. 693), and we do not find this to be the case.  One instruction complained of was to the effect that if a testator at about the time a will is made is unduly controlled by the beneficiary in other important matters, an inference may be drawn that the same undue influence was exercised with regard to the will.  This is not objectionable.  (*Boyse v. Rossborough,* 6 H. L. Cas. [Eng.] 2, 51, quoted in *Ginter v. Ginter,* 79 Kan. 721, 734, 101 Pac. 634.)   An instruction is objected to which stated in substance that if the deed from Mrs. Fairbank to her son was made without consideration, when she was enfeebled in mind, and that she then relied upon him for advice, or that he was then in charge of her property and business, a presumption of undue influence is created.  It is argued that this authorized a presumption of undue influence from the mere fact that her son was managing her business.  We do not think it fairly open to that construction.  The purpose of the court was obviously to follow the law as declared in *Smith v. Smith,* 84 Kan. 242, 114 Pac. 245.  After the jury had made their report and been discharged the court refused an application in behalf of the appellant to recall a witness to testify that after the making of the will Mrs. Fairbank had expressed her satisfaction with it, the statement being made that the testimony had been inadvertently omitted.  The admission or rejection of the additional evidence at that time was a matter of discretion.  Complaint is made of the refusal of the court to submit certain questions to the jury, but as the judgment is based on the findings of the court, this ruling is not now important.  There is a recital in the abstract that the appellant requested the court to make and state in writing its conclusions of fact found separately from its conclusions of law, and that the request was overruled.  The court did, however, make

fifty-five written findings, including several adopted from the report of the jury, so that the request was substantially complied with, and if some of the findings might have been more properly classified as conclusions of law, no prejudice could have resulted. Complaint is made of the admission of evidence of declarations made by Mrs. Fairbank, bearing upon the question of undue influence. This evidence was admissible for the purpose of showing the state of her mind. (*Mooney v. Olsen*, 22 Kan. 69; *Caeman v. Van Harke*, 33 Kan. 333, 338, 6 Pac. 620; *Throckmorton v. Holt*, 180 U. S. 552, 572; Note, 107 Am. St. Rep. 466.)

The judgment is affirmed.