No. 23,539.

W. R. HORTON, as Administrator of the Estate of ORLIN V. JONES, Deceased, *Appellant,* v. CHARLES F. JONES et al. (ANNABEL JONES et al., *Appellees.*)

### SYLLABUS BY THE COURT.

1. FRAUD—*Action for Benefit of Creditor to Set Aside Conveyances Whereby Deceased Lunatic Deprived of Title—Administrator Proper Party Plaintiff.* The administrator of the estate of a deceased lunatic may maintain an action for the benefit of a creditor of the estate who has established his claim, to set aside fraudulent conveyances whereby the lunatic's guardian obtained title to his ward's land.

2. LIMITATION OF ACTION—*Real Party in Interest Not Barred—Nominal Party Not Barred.* In applying statutes of limitation, courts examine the record to ascertain who is the real party in interest and, if the real party in interest be not barred, the nominal plaintiff, in whose name the action is rightfully prosecuted, is not barred.

3. SAME—*State is Real Party in Interest—Action Not Barred.* In this instance, the real party in interest is the state of Kansas, and the action is not barred.

Appeal from Rawlins district court; WILLARD SIMMONS, judge. Opinion filed February 11, 1922. Reversed.

*Richard J. Hopkins,* attorney-general, *E. W. Clausen,* assistant attorney-general, and *Fred Robertson,* of Kansas City, for the appellant.

*J. P. Noble, P. T. Noble,* both of Oberlin, and *C. A. P. Falconer,* of Atwood, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by the administrator of Orlin V. Jones, an insane person, to set aside certain conveyances whereby the guardian of the lunatic fraudulently procured title to his ward's land. After a demurrer to the petition had been overruled, the court sustained an objection to the introduction of evidence in support of the petition. The plaintiff appeals.

Orlin V. Jones was committed to the state hospital for the insane in the year 1899. At that time he was owner of the real estate in controversy. In 1906, his guardian, who was his father, became apparent owner of the land by the conveyances referred to. The guardian died in 1911, and the defendant, Annabel Jones, is his widow, who, by purchase and by inheritance, holds whatever title her husband possessed. The lunatic died in 1914, unmarried and without issue, and in 1919 the plaintiff was appointed administrator of his estate. In May, 1919, the probate court rendered judgment against the estate of the decedent in favor of the state of Kansas, for $2,299.25, for maintenance, care and treatment of the decedent while

he was an inmate of the state hospital. The district court held the action was not prosecuted by the real party in interest, and was barred by the statute of limitations.

Assuming the allegations of the petition to be true, and waiving for the moment the subject of time within which actions of this character may be commenced, the land is subject to appropriation for payment of the indebtedness due the state, and the fraudulent transfers which cloud the title may be cleared away, in order that an advantageous sale may be made. The real party in interest is the creditor, the state of Kansas; but the party to make the appropriation is the administrator. The statute expressly provides that lands subject to sale for payment of debts of a decedent include those which he may have conveyed in fraud of creditors. (Gen. Stat. 1915, § 4600.)  This court has indicated that the administrator is a proper person to set aside such a conveyance. (*Barker v. Battey,* 62 Kan. 584, 585, 64 Pac. 75.) This is necessarily true, because the administrator is entitled to have real estate bring its full value at a sale for payment of debts. If he were confined to selling a lawsuit, he might not be able to realize a sufficient sum to pay all debts proved against the estate, and a multiplicity of actions by the various creditors would be intolerable. In this instance, the administrator is not concerned about the fraud on the lunatic perpetrated by his guardian; that is the affair of the lunatic's heirs. The administrator is concerned about the fraud on the lunatic's creditors; and the same rule should govern as if a fraudulent conveyance had been made by the landowner himself.

The civil code does not require all actions to be prosecuted in the name of the real party in interest. The provision is that every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 27. (Gen. Stat. 1915, § 6915.) Section 27 reads as follows:

"An executor, administrator, guardian, trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted. Officers may sue and be sued in such name as is authorized by law, and official bonds may be sued upon in the same way." (Gen. Stat. 1915, § 6917.)      •

The result is, the action was properly prosecuted in the name of the administrator, for the benefit of the state.

In applying statutes of limitation, courts are not concluded by the

names of the parties to an action, but look to the merits of the controversy, the nature of the relief, and the effect of the judgment. The nominal plaintiff is passed by, the record is examined to ascertain who is the real party in interest and, if the real party in interest be not barred, the nominal plaintiff is not barred. (*The State v. Moore, Adm'r.*, 90 Kan. 751, 136 Pac. 233; *Eastern State Hospital v. Graves*, 105 Va. 151; *State Land Board v. Lee*, 84 Ore. 431.)

The opinions in the Virginia and Oregon cases just cited collate many authorities. In this instance, the administrator has no personal or pecuniary interest in the proceeding. It is prosecuted solely for the benefit of the state of Kansas, in a matter falling within the scope of its governmental functions—maintenance of the state hospital. The state is not named or otherwise included in any statute of limitation which may be invoked against maintenance of the action, and consequently is not bound.

The judgment of the district court is reversed, and the cause is remanded for trial.