No. 26,941.

THE STATE OF KANSAS, *Appellant*, v. PEARL ZIMMERMAN, IVAN ROYER and MAGGIE MECHTLEY, *Appellees*.

SYLLABUS BY THE COURT.

1. COURTS—*Jurisdiction*—*Claims Against Decedents' Estates*. Probate courts. are the proper courts to hear and determine all demands against any estate of a deceased person.

2. SAME. It is not error for the district court to decline to hear and determine a claim against the estate of a deceased person, when the probate court may be applied to for that purpose.

Appeal from Jefferson district court; MARTIN A. BENDER, judge. Opinion filed June 12, 1926. Affirmed.

*C. B. Griffith*, attorney-general, *W. C. Ralston*, assistant attorney-general, *Lloyde Morris*, county attorney, and *H. T. Phinney*, of Oskaloosa, for the appellant.

*H. N. Casebier*, of Oskaloosa, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action by the state to recover for the maintenance of a patient at the state hospital for the insane. The trial court sustained defendants' demurrer to the petition, and plaintiff has appealed.

The petition, so far as is necessary to be here considered, alleges in substance, that on December 7, 1894, Oliver Royer was duly adjudged insane and committed to the state hospital, where he has since remained as a patient; that his father, Daniel Royer, a resident of this state, died April 30, 1923, owning real property, which is described, and personal property of the aggregate value of $35,919, which by his will was bequeathed, and devised to his daughter, Maggie Mechtley, of Tylerville, Pa., $1,500 (having previously made advances to her), and the remainder to his daughter, Pearl Zimmerman, and his son, Ivan Royer; that the will of Daniel Royer had been admitted to probate, executors were appointed, the estate administered and disbursed according to the terms of the will, and that the estate had been finally closed. Attached to the petition is an account for the maintenance of Oliver Royer from the date of his commitment

to April, 1925, in the total sum of $5,235.21. The action is against Pearl Zimmerman, Ivan Royer and Maggie Mechtley. The prayer is for a personal judgment against the defendants for the amount of the account and for costs, and that the real property owned by Daniel Royer at the time of his death be ordered sold and the proceeds applied upon the judgment.

We first observe that plaintiff is not entitled to a personal judgment against these defendants. The statute (R. S. 39-233) provides who are bound by law for the maintenance of such patients: "The husband for the wife and wife for the husband, the parent for his or her children, and the children for their parents." These defendants are not within that degree of relationship. The account should have been presented to Daniel Royer, or to his estate. The administration of his estate has been closed, but it may be reopened (R. S. 22-915), since the statute of limitation does not run against the state. (*Horton v. Jones,* 110 Kan. 540, 204 Pac. 1001; *State v. Moore, Adm'r,* 90 Kan. 751, 136 Pac. 233.)

It is difficult to see how the state can recover, in any proceedings, all of the account claimed, especially for the time since the death of Daniel Royer, possibly for the time prior to the enactment of the statute (R. S. 39-232), under which plaintiff claims, which was May 27, 1907. We suggest these matters, without deciding them, as some of the reasons why the claim should be presented to the probate court for allowance. That court is given jurisdiction "to hear and determine all demands against any estate." (R. S. 22-708.) Even if it can be said, as argued by appellant, that the district court, being a court of general jurisdiction, can determine the amount of the claim, it is not error for it to decline to do so, when another court, designed for that purpose, is open to the claimant.

The judgment of the court below is affirmed.