No. 30,810.

CHARLES S. BAHNEY, *Appellant,* v. J. C. GROSS et al., *Appellees.*

Opinion filed May 7, 1932.

*W. F. Jackson* and *Harry Warren*, both of Fort Scott, for the appellant.

*William P. Dillard* and *Douglas Hudson*, both of Fort Scott, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is an action for the specific performance of an oral contract to bequeath all the property of deceased to plaintiff in payment for services performed by plaintiff in looking after the property of deceased, caring for him and seeing to all his business during his lifetime. Judgment was for defendants. Plaintiff appeals.

The allegations of the petition with reference to the contract between Charles S. Bahney and I. S. Bahney were as follows:

" 'Now Charley, Etta is gone, I am getting old, and not able to look after my property, and don't want to live alone, and if you will give up your position and move your family to Fort Scott, live with me here in my house, take care of me, look after all my property and see to all of my business during my life, I will give you $50 per month myself and will give you an additional $50 for looking after the Drake and Bahney property, so you can have enough to live on along; and when I am through with all of it, I will give you all of the remainder of my property when I am entirely through with it at the time of my death.' This plaintiff at said time and place said, 'I will accept your offer,' and at said time and place, I. S. Bahney said to this plaintiff, that he. would make a will leaving to this plaintiff all of the remainder of his property at the time of his death."

The petition then alleged that Charles S. Bahney left his home in Carthage, Mo., moved into the I. S. Bahney home and until October, 1919, fulfilled the terms of the contract. It further alleged that in 1919 I. S. Bahney "requested," "insisted" and "demanded" that appellant leave his house; that he did so and moved to New Jersey. It further alleged that on many occasions Charles Bahney advised I. S. Bahney that he was ready and willing to return to the home of I. S. Bahney and carry out his contract and that appellant always stood ready and willing to return and carry out his contract.

The petition further alleged that on October 5, 1927, appellant received the following wire from I. S. Bahney:

"C. S. Bahney, ·Sussex, New Jersey. If you still feel like coming, come at once. Will make arrangement when you arrive. The house is vacant now. Isaac S'. Bahney."

The petition then alleges·that appellant returned to the home of I. S. Bahney and performed the services under the contract for about five months, when I. S. Bahney again "requested," "insisted" and "demanded" that appellant leave his home.

The petition then alleges that appellant has complied with this demand ever since he moved away from ·the I. S. Bahney house the second time—he frequently informed I. S. Bahney that he stood ready and willing to return to Fort Scott and perform the contract, and that appellant at all times stood ready and willing to perform.

The petition then alleges that notwithstanding the contract and performance as alleged, I. S. Bahney failed to make a will as he had agreed to bequeathing all his property to appellant, but on the other hand did make a will bequeathing it all to other people.

The petition further alleged that I. S. Bahney died about May 17, 1931, and left property worth approximately $50,000.

The prayer of the petition was for specific performance of the promise alleged, and that the executors under the will be directed to convey and deliver to appellant all of the property of which I. S. Bahney died·seized.

To this petition appellees demurred on four grounds, as follows:

"1. That it appears upon the face of said petition that this court has no jurisdiction of the subject of the action.

"2. That it appears upon the face of said petition that it does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against these defendants.

"3. That it appears upon the face of said petition that the alleged cause of action attempted to be stated therein is barred by the statute of limitations of the state of Kansas.

"4. That it appears upon the face of said petition that the alleged contract attempted to be set up therein was a contract not to be performed within one year and was not in writing."·

This demurrer was sustained on the first two grounds. From that judgment this appeal is taken.

The trial court based the judgment sustaining the demurrer on the theory that if the allegations of the petition should be sustained, still equity would not permit the·decreeing of specific performance of

the contract pleaded, and that if appellant had any claim against the estate of I. S. Bahney he should present it in probate court.

This court has said:

"Whether equity will decree the specific performance of a contract rests entirely in judicial discretion, and always upon the facts of the particular case." (*Anderson v. Anderson,* 75 Kan. 117, 123, 88 Pac. 743.)

In the same case it was said: .

"When a definite contract to leave property by will has been clearly and certainly established, and there has been performance on the part of the promisee, equity will grant relief, provided the case is free from objection on account of inadequacy of consideration and there are no circumstances or conditions which render the claim inequitable. This is the general doctrine adhered to by the courts." (p. 123.)

This rule has been consistently followed.

The first requirement was met in this case when the contract heretofore noted was pleaded. However, it is hard to say that the next requirement was met when the pleading alleging a performance for only about half of the time that elapsed between the making of the contract and the death of I. S. Bahney, and it cannot be said that the claim is free from objection on account of inadequacy of consideration and that there are no circumstances or conditions that render the claim inequitable. This rule was recognized and followed in *Foster v. Foster,* 134 Kan. 308, 5 P. 2d 1071. (See, also, *Bowen v. Galloway,* 125 Kan. 568, 264 Pac. 1038.) Here the contract was only half performed on the part of appellant and during the time that he was performing he was receiving some compensation in money each month from the promisor. Appellant seeks to avoid the effect of this rule by alleging that it was the fault of I. S. Bahney that the contract was not fully performed. In answer to this argument it may be said that this does not entitle appellant to specific performance the same as though he had fully performed, but does entitle him to file a claim for his services against the estate in probate court. That is the theory upon which the demurrer was sustained on the second ground. (See *State v. Zimmerman et al.,* 121 Kan. 346, 246 Pac. 516; *Holmes v. Conway,* 128 Kan. 430, 278 Pac. 8; *Woltz v. First Trust Co.,* ante, p. 253.)

The judgment of the district court is affirmed.