No. 33,893

E. MAY OSBORNE, *Appellant,* v. BESSIE KINGTON et al., *Appellees.*

(80 P. 2d 1063)

Opinion filed July 9, 1938.

*Frank G. Drenning,* of Topeka, for the appellant.

*Lester M. Goodell, Randal C. Harvey, John P. Davis* and *James W. Porter,* all of Topeka, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This action was one to cancel and set aside a will and a deed. The executor under the will filed a demurrer to the third amended petition on the ground that several causes of action were improperly joined. The demurrer was sustained, and plaintiff has appealed from that ruling.

On December 17, 1936, one Clara B. Mills, who was the owner of real and personal property, executed a will under which the defendant, Bessie Kington, was chief beneficiary. On February 13, 1937, Clara B. Mills executed a deed purporting to convey to the same Bessie Kington real estate in Topeka of the alleged value of $5,000. Clara B. Mills died April 15, 1937.

The action was brought by E. May Osborne, a sister and one of the heirs at law of Clara B. Mills. The defendants in the action are Bessie Kington, M. T. Kelsey, executor of the will of Clara B. Mills, deceased, and other heirs of Clara B. Mills.

The first cause of action was to set aside the will on the ground of mental incapacity and undue influence. The second cause of action was to set aside the deed on similar grounds.

The demurrer to the petition was sustained by the trial court on the ground that several causes of action were improperly joined therein.

The will of Clara B. Mills provided:

". . . I devise that all my belongings, both real and personal, that I may possess be sold and the proceeds to pay my funeral expenses and buy a marker for my husband and myself to be bought of Wm. P. Supple not to exceed $125; after all bills are paid I bequeath to Mrs. E. May Osborne, ½ the rentals of property until sold, all the remainder I bequeath to Bessie Kington, 108 Morris, Topeka, for her services in caring for me and I appoint Mrs. Kington and Mr. Kelsey to take care of my affairs. . . ."

Our statute G. S. 1935, 60-601, provides that the plaintiff may unite several causes of action in the same petition, "but the causes of action so united must affect all the parties to the action, except in actions to enforce mortgages or other liens."

Manifestly the executor under the will in the first cause of action is neither a necessary nor a proper party to the second cause of action to set aside the deed. The cause of action to set aside the deed does not affect the executor of the will in the first cause of action.

Confronted with this dilemma, plaintiff inserted in the second cause of action an allegation that the defendant Kelsey was the duly qualified and acting executor under the will "and as such executor, M. T. Kelsey has failed and refused to take any steps to recover any of the above-described real property of Clara B. Mills for the benefit of said legatees."

Plaintiff then asserts that under G. S. 1935, 22-525 and 22-727, it was the duty of the executor to collect the assets and close the

estate within one year. She contends that under the statutes G. S. 1935, 22-801, 22-803, and our decisions, *McGuire v. Davis,* 95 Kan. 486, 148 Pac. 755; *Barker v. Battey,* 62 Kan. 584, 64 Pac. 75, and *Horton v. Jones,* 110 Kan. 540, 204 Pac. 1001, it was the duty of the executor to bring an action to set aside the deed fraudulently procured from Mrs. Mills. Plaintiff further argues that since the executor failed and refused to bring the proper action to cancel the deed and collect the assets, a creditor or an heir could bring the action and join the executor as a defendant. See G. S. 1935, 60-412; *Barker v. Battey,* 62 Kan. 584, 64 Pac. 75; *Farmers State Bank v. Mitchell,* 143 Kan. 286, 55 P. 2d 423.

By this mode of reasoning plaintiff concludes that the executor is a necessary party to the second cause of action to cancel the deed.

But may plaintiff assume inconsistent positions? In the first cause of action she asserts the testatrix was insane and the will is void. She next contends the executor under this void will violated his duty in not bringing an action to set aside the deed alleged to have been procured through fraud, and that by reason of his default he may be joined as defendant in the action to set aside the deed. A litigant may not blow hot and cold at the same time. Plaintiff may not claim the will is void and in the same breath claim an advantage under it.

In *Losch v. Pickett,* 36 Kan. 216, 12 Pac. 822, paragraph 2 of the syllabus, in part, reads:

"A thing cannot be true and untrue at the same time; and any pleading containing allegations made by the same party both affirming and denying a particular thing carries falsehood upon its face, and in such a case the court may consider as true such of the allegations as are against the pleader." (*Munn v. Tallman,* 1 Kan. 254; *Auld v. Butcher,* 2 Kan. 135; *Wiley v. Keokuk,* 6 Kan. 94, 105; *Butler v. Kaulback,* 8 Kan. 668, 671, *et seq.*)

See, also, 21 C. J. 1226.

Plaintiff may not assert the will is valid for some purposes and at the same time ask that it be canceled on the ground it is void *in toto.*

In *Fairbank v. Fairbank,* 92 Kan. 45, 139 Pac. 1011, Elizabeth Fairbank executed a deed to her son Rudolph, and later executed a will giving Rudolph almost the whole of her property. An action to set aside the deed and will was brought by the grandchildren of Elizabeth. It seems that a daughter, Eliza Carter, a defendant, filed an answer. The opinion states that a "demurrer to her answer

for misjoinder" was overruled. It does not appear whether the executor under the will was a party or whether there was a demurrer to the petition for misjoinder. It is clear the question of misjoinder of causes of action in the petition was not considered by the court.

In *Hoff v. Hoff*, 106 Kan. 542, 189 Pac. 613, also relied upon by the plaintiff, there was a consolidation of two actions—one originating in Crawford county to set aside a will, and one in Ellis county to set aside certain deeds. The case is not in point.

We conclude that Kelsey, as executor under the will, was neither a necessary nor proper party to the second cause of action to cancel the deed, and, therefore, the two causes of action so united did not affect all the parties to the action as required by our statute G. S. 1935, 60-601.

The judgment is affirmed.

HARVEY, J., not sitting.