STATE, APPELLANT, *v.* PAHNISH, ADMINISTRATOR, RESPONDENT.

(No. 8497.)

(Submitted May 10, 1944. Decided September 30, 1944.)

[151 Pac. (2d) 1001.]

Cause submitted on Briefs of Counsel.

*Mr. R. V. Bottomly,* Attorney General and *Mr. Clarence Hanley,* Assistant Attorney General, for Appellant.

*Mr. Theodore F. McFadden,* for Respondent.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an appeal from a judgment in an action brought against the estate of a deceased person to recover the cost of his care and maintenance while confined in the State Insane Asylum.

The deceased, Louis Kruger, was committed to the asylum in 1931, by order made in a hearing before a district judge and on recommendation of two medical doctors sitting with the judge as examiners. The order of commitment states that "evidence was also taken as to the financial worth of the said Louis Kruger and it appearing from said evidence that such person is not a public charge it is ordered that he be confined at private expense." Kruger remained in the asylum as an inmate until the time of his death, which occurred on May 10, 1940. During all this time he was maintained and cared for in the asylum at the expense of the state. No part of the cost was ever paid by Kruger himself nor by anyone on his behalf.

Kruger left an estate at the time of his death and an administrator, the defendant Pahnish, was appointed on July 20, 1940.

A claim for the cost of care and maintenance at the asylum was presented to the administrator soon after his appointment. The claim is for the period from October 28, 1931, to May 30, 1940, at $1.00 per day, totalling $3,116. It was made and verified by B. L. Pampel as superintendent of the Montana State Hospital, and as owing to the Montana State Hospital, Warm Springs, Montana. The claim was rejected by the administrator and suit was brought by the State of Montana to enforce its payment.

The facts in the matter as outlined above are set forth in the complaint as the basis of recovery. The defendant demurred on the ground that the complaint does not state a cause of action. The demurrer was sustained and, plaintiff declining to amend, judgment was entered for defendant dismissing the action. The appeal is from the judgment of dismissal.

Two points of contention are made in support of the demurrer: First, that the complaint does not show any proper presentation of the claim to the administrator before suit was brought, questioning the sufficiency of a claim made by the state hospital to support an action by the state; and, second, that the claim presented and the claim sued on are in no sense identical, one being for indebtedness for service rendered with implied agreement to pay and the other being for an indebtedness arising from liability imposed by order of the court as required by statute.

This is not a case wherein the question of proper presentation of the claim is involved. The statute of nonclaim, section 10173, Revised Codes, applies only to claims arising on contract. The provision is that: "All claims arising upon contracts * * * must be presented within the time limited in the notice, and any claim not so presented is barred forever * * *." The liability in the instant case arose as result of the court's order determining the ability and obligation to pay as the statute provides; it is not based on any contractual relation. Respondent recognizes the liability as so arising, expressing the view in his brief in the following language: "When, therefore,

the District Court for Beaverhead County adjudged the defendant's intestate insane, and ordered him confined in the State Insane Asylum 'at private expense,' in consequence thereof and the provisions of section 1444, a statutory liability was created against the deceased's estate to pay the entire cost of his care and maintenance while confined pursuant to the order.''

The liability in this case is easily distinguishable from a contract obligation. The relation thereto of the deceased and his estate is much the same as in the case of a tax. It is an obligation which arises under certain circumstances, the obligation being imposed by statute and in no way dependent upon assent from anyone. (*Donnell* v. *Dansby*, 58 Okl. 165, 159 Pac. 317.)

Section 10173 is part of the Chapter of the Code relating to claims against estates, all originally enacted as one legislative Act. We find therein another section, 10180, which provides that "no holder of any claim against an estate shall maintain an action thereon, unless the claim is first presented to the executor or administrator, except in the following case: * * * (the exception covering mortgage and lien claims).'' This section, standing alone, would require presentation of all claims and would remove the restrictive provision in section 10173 which limits the requirement to contract claims. Such effect has not been given these sections by this court. In *Hornbeck* v. *Richards*, 80 Mont. 27, 257 Pac. 1025, an action grounded in tort was held as not requiring presentation of a claim, giving as the reason the fact that it was not a contract obligation and referring to section 10173. To the same effect also is the earlier case of *Nathan* v. *Freeman*, 70 Mont. 259, 267, 225 Pac. 1015, 41 A. L. R. 138.

Under like statutory provisions, many of them identical with our own, the courts of other states have held that the requirement of presentation of claims is limited to contract obligations. (*Jones* v. *Woodward*, 50 Okl. 704, 151 Pac. 586; *Donnell* v. *Dansby*, supra; *Hardin* v. *Sin Claire*, 115 Cal. 460, 47 Pac. 363; 11A Cal. Jur. 682-685, secs. 486 and 487; also page 713, sec. 506; 34 A. L. R. 362-375.)

The law is well settled that the requirement of presentation is limited to claims based on contract. In the instant case, it was unnecessary to present any claim to the administrator as the basis for the suit brought. The complaint states a cause of action.

The judgment of the lower court is reversed and the cause remanded with direction to overrule the demurrer.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, MORRIS and ADAIR concur.