83 So.2d 261

**STATE**

v.

**ESTATE of Mrs. Lee V. CROCKER,**
Deceased.

6 Div. 851.

Court of Appeals of Alabama.

Aug. 30, 1955.

Rehearing Denied Oct. 11, 1955.

John Patterson, Atty. Gen., and Mary A. Lee, Asst. Atty. Gen., for appellant.

Olin Zeanah, Davis & Zeanah, Tuscaloosa, for appellee.

PRICE, Judge.

The sole question presented on this appeal is whether the State of Alabama is barred by the statute of non-claim from enforcing a claim against the estate of a decedent which was not presented within six months after the grant of letters of administration. Title 61, § 211, Code 1940.

Mrs. Lee V. Crocker died in Tuscaloosa County on March 11, 1952, leaving no will, testament, or other writing disposing of her personal estate. On April 26, 1952, her son, Boyce Crocker, was appointed administrator of the estate.

On December 20, 1952, the Department of Public Welfare of the State of Alabama filed in the Probate Court of Tuscaloosa County a claim against the estate, alleging that the sum of $540 had been illegally paid to the deceased as old age assistance payments. The administrator contested the claim, mainly on the ground that it was barred by the statute of non-claim. A decree was rendered by the probate court in favor of the claimant. The administrator appealed from this decree to the Circuit Court of Tuscaloosa County, demanding a jury trial.

It was stipulated that Mrs. Crocker, at the time the sum of $540 was paid to her by the welfare department, had the sum of approximately $950 on deposit with the First Federal Savings and Loan Association in Tuscaloosa, Alabama.

The State refiled its claim in the circuit court, and a demurrer interposed thereto was overruled. The estate (appellee) then filed pleas 1, 2, and 3 to the claim. The State's demurrer was sustained to pleas 1 and 2 and overruled as to plea 3. Issue was joined on plea 3. The court gave the requested affirmative charge for appellee, and the jury returned a verdict in favor of appellee.

Appellee's plea 3 sets up as a defense the fact that the State failed to present its claim against Mrs. Crocker's estate within six months after the granting of letters of administration, therefore it was barred, under Sec. 211, Title 61, supra, from enforcing its claim.

Appellant's demurrer to plea 3 took the point that the non-claim statute does not apply to the sovereign State of Alabama.

Appellant assigns as error the trial court's action in overruling the State's demurrer to plea 3 and in giving the general affirmative charge in favor of the defendant.

Section 211, Title 61, Code 1940, reads in part as follows:

"All claims against the estate of a decedent, other than the claims referred to in the preceding section, whether due or to become due, must be presented within six months after the grant of letters testamentary or of administration; and if not presented within that time, they are forever barred and the payment or allowance thereof is prohibited."

An exception is made in favor of executors and administrators making claim for services as such in Section 210 of said title, and Section 213 makes an exception in favor of heirs or legatees claiming as such.

No express exception is made in favor of the State.

Appellant contends that the State is protected by the doctrine, nullum tempus occurrit reipublicae—no time runs against the commonwealth or state—and, since the State is not expressly included within the provisions of Section 211, supra, that section has no application in this case. Appellee advances the argument that it is evident, from the wording of the statute, that the legislature intended the non-claim statute to apply to the State as well as to private corporations and individuals.

The theory that no time runs against the state or commonwealth is generally followed in regard to ordinary statutes of limitation unless the state or commonwealth is expressly or by necessary implication included within the operation of the statute. Cox v. Board of Trustees of

University of Alabama, 161 Ala. 639, 49 So. 814; Shumway v. State, 1945, 63 Ariz. 400, 163 P.2d 274; State v. Martin, 59 Ariz. 438, 130 P.2d 48; State v. Peterson, 61 Idaho 50, 97 P.2d 603; Kucera v. State, 160 Kan. 624, 164 P.2d 115; State v. Zimmerman, 121 Kan. 346, 246 P. 516; Clare v. Bell, 378 Ill. 128, 37 N.E.2d 812; Winakor v. Annunzio, 409 Ill. 236, 99 N.E.2d 191; City of Boston v. Nielsen, 305 Mass. 429, 26 N.E.2d 366; Hake v. Warren, 184 Tenn. 372, 199 S.W.2d 102; Williams v. Cravens, 31 Tenn.App. 246, 214 S.W.2d 57; Standard Fertilizer Co. v. Gill, 225 N.C. 426, 35 S.E.2d 275; Western Union Telegraph Co. v. State, 156 Ga. 409, 119 S.E. 649; Philbrick v. State Personnel Board, 53 Cal. App.2d 222, 127 P.2d 634; State Land Board v. Lee, 84 Or. 431, 165 P. 372; Horton v. Jones, 110 Kan. 540, 204 P. 1001; State v. Owen, 41 A.2d 809, 23 N.J.Misc. 123; In re Frey's Estate, 342 Pa. 351, 21 A.2d 23; State v. Stone, Tex.Civ.App.1954, 271 S.W.2d 741; Florida Industrial Commission v. Felda Lumber Co., 154 Fla. 507, 18 So.2d 362. See also 53 C.J.S., Limitations of Actions, § 15, p. 940.

The cases are in conflict, however, on the question of whether the maxim, nullum tempus occurrit reipublicae, applies so as to exempt the state, acting in the public interest, from the operation of the non-claim statutes. Annotations, 53 A.L.R. 569; 34 A.L.R.2d 1004.

It is settled that the claims of the United States government are not barred by the state statutes of non-claim. U. S. v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283. It is also held in some jurisdictions that the state, acting in its sovereign capacity, is exempt from the operation of the statute of non-claim. State ex rel. Conway v. Glenn, 60 Ariz. 22, 131 P.2d 363; Ray v. State, 123 Colo. 144, 226 P.2d 804; Heidt v. Caldwell, Fla.1949, 41 So.2d 303; State v. Pahnish, 116 Mont. 340, 151 P.2d 1001; In re Adams' Estate, 224 Wis. 237, 272 N.W. 19, 109 A.L.R. 1364; Richison v. State ex rel. Barnett, 176 Okl. 537, 56 P.2d 840. See also State v. Stone, supra; In re

Paulson's Estate, 208 Minn. 231, 293 N.W. 607; State v. Zimmerman, supra.

A slight preponderance of authority favors the view that such claims are within the operation of the non-claim statutes and are therefore barred if not presented within the time limited therein. State ex rel. Slinkard v. Edwards, 11 Ind.App. 226, 38 N.E. 544; Bahr v. Zahm, 219 Ind. 297, 37 N.E.2d 942; State v. Evans, 143 Wash. 449, 255 P. 1035, 53 A.L.R. 564; State v. Drake, Ohio Com.Pl., 106 N.E.2d 91; Division of Aid for the Aged v. Wargo, Ohio App., 73 N.E.2d 701; In re Bird's Estate, 410 Ill. 390, 102 N.E.2d 329; Emery v. Holt County, 345 Mo. 223, 132 S.W.2d 970; In re Peer's Estate, 234 Iowa 403, 12 N.W.2d 894; Donnally v. Montgomery County Welfare Board, 200 Md. 534, 92 A.2d 354, 34 A.L. R.2d 996; In re Estate of Dotson, 154 Kan. 562, 119 P.2d 518; People v. Osgood, 104 Cal.App. 133, 285 P. 753; Hill v. State, 23 Ark. 604; People v. Small, 319 Ill. 437, 150 N.E. 435.

In some of the jurisdictions where it is held that the State is as effectually barred by the statute of non-claim as any other claimant, the courts have based their decisions primarily on a distinction between ordinary statutes of limitation and statutes of non-claim. These cases hold that instead of merely withholding the remedy, as in the case of an ordinary statute of limitation, a statute of non-claim operates to destroy the claim or the debt. State v. Evans, supra; Hill v. State, supra. See 34 A.L.R.2d 1003; Donnally v. Montgomery County Welfare Board, supra.

Other courts proceed to the same result on the theory that, the purpose of the non-claim statute being to facilitate the administration of estates and to permit them to be settled without delay, the statute must apply to all claims if it is to attain its object. Division of Aid for the Aged v. Wargo, supra; State v. Edwards, supra.

Appellant contends that to adopt the majority view and hold that the State is

barred by the statute of non-claim would be in violation of Section 100 of the Constitution of Alabama 1901, which reads:

"No obligation or liability of any person, association, or corporation held or owned by this state, or by any county or other municipality thereof, shall ever be remitted, released, or postponed, or in any way diminished; by the legislature; nor shall such liability or obligation be extinguished except by payment thereof * * *."

This question was decided adversely to the contention of the appellant in Covington County v. O'Neal, 239 Ala. 322, 195 So. 234, 239, where it was said:

"Section 100 of the Constitution prevents extinguishment of the claim—the debt—but does not affect the power of the Legislature to provide for limitations in the interest of repose. This power may be applied against the state and its agencies notwithstanding § 100 of the Constitution. State v. Acacia Mut. Life Ass'n, 214 Ala. 628, 108 So. 756."

In State.v. Edwards, supra, the following observation was made [11 Ind.App. 226, 38 N.E. 546]:

"If the state may never be barred from filing and presenting a claim against estates of deceased persons, then it may prosecute such claims even after the final report is made and approved, and the administrator or executor is discharged, and it is not and will not be contended that this may be done."

In the Ohio case of Division of Aid for the Aged v. Wargo, supra [73 N.E.2d 702], the court said:

"What is the statutory purpose of requiring all suits on rejected claims to be brought within two months of the date of rejection? The purpose clearly is to facilitate the administration of estates and to permit them to be settled and disposed of without delay. If the statute is to attain its object it must be held to be an inclusive statute and to apply to all claims. The statute makes no exceptions, and no hardship is imposed on the state in holding it to strict compliance."

It is our opinion that the legislature clearly intended that the non-claim statute, Section 211 of Title 61, should operate to bar the State of Alabama from presenting a claim after the time allowed by statute. In Yniestra v. Tarleton, 67 Ala. 126, the court stated:

"There are no exceptions to the universal operation of this statute, except in favor of minors, and persons of unsound mind, who are allowed eighteen months after the removal of their respective disabilities, and in favor of heirs or legatees, claiming as such—(Code 2598). 'All claims,' is a phrase clear and comprehensive, and must be construed to mean just what the words import. It does not mean all claims except a class not specified. * * * The remark of Lord Bacon embodies but a plain rule of construction, recognized everywhere in the common law, 'that, as exceptions strengthen the force of a general law, so enumeration weakens as to things not enumerated.' The statute is unambiguous in its language, and plain in its literal meaning, and we do not feel authorized to incorporate in it a new exception, especially of this sweeping magnitude, without the sanction of the legislature."

It seems to us that the terms of the statute must be interpreted to include within its operation the State of Alabama. Therefore, there was no error in the trial court's action in overruling the demurrer to plea 3, nor in giving the general affirmative charge in favor of the defendant and against the plaintiff.

Affirmed.