**Bertha May RODDY, Plaintiff in Error,**

**v.**

**Eldridge RODDY, Defendant in Error.**

**No. 36080.**

Supreme Court of Oklahoma.

Oct. 18, 1955.

1118

King & Wadlington, Roscoe C. Arnold, Ada, for plaintiff in error.

W. V. Stanfield, Ada, for defendant in error.

PER CURIAM.

This action was instituted in the District Court of Pontotoc County by Bertha May Roddy, against Eldridge Roddy, whereby the plaintiff sought to have a deed held by the defendant set aside and cancelled. The cause was tried to the court and judgment was rendered for the defendant, from which judgment plaintiff has appealed. The parties will be referred to as they appeared in the trial court.

Plaintiff and defendant are mother and son respectively. By her petition plaintiff alleges, in substance, that the deed held by defendant and sought to be cancelled was obtained without consideration, by means of undue influence, duress, coercion and fraud.

The defendant answered by way of general denial, and further alleged, in substance, that the consideration for said deed was payment by him of various and divers mortgages of plaintiff; that it was at plaintiff's insistence he accepted the deed and assumed and paid her mortgages; and specifically denied that he had used any undue influence, duress, coercion or fraud in obtaining said deed.

In presenting this matter to this court on appeal plaintiff has presented various specifications of error, but has elected to argue same under the single proposition that, "The judgment is contrary to the weight of the evidence and under the evidence, judgment should have been rendered in favor of the plaintiff." In support of her contention she invites the court's attention to the fact that this is a parent and child relationship wherein the deed involved was executed without consideration or for a grossly inadequate consideration and, therefore, falls within that class of cases wherein fraud and undue influence is presumed, and the burden is on the donee (defendant) to overcome the presumption of fraud arising from such circumstances. She further invites our attention to Flowers v. Flowers, 94 Okl. 134, 221 P. 483; Haggerty v. Key, 100 Okl. 238, 229 P. 548; Noblin v. Wilson, 187 Okl. 173, 101 P.2d 805; Fickel v. Webb, 146 Okl. 16, 293 P. 206; Morton v. Roberts, 88 Okl. 263, 213

P. 297; 26 C.J.S., Deeds, §§ 193, 211, pp. 612, 613, and 653; Fairbank v. Fairbank, 92 Kan. 45, 139 P. 1011; Piercy v. Piercy, 18 Cal.App. 751, 124 P. 561; Nobles v. Hutton, 7 Cal.App. 14, 93 P. 289, and others, the effect of the rule being in all such cases, that in case of a gift or voluntary conveyance, or a total want or gross inadequacy of consideration, slight evidence of fraud, overreaching, or undue influence will justify the cancellation of deeds, the execution and enforcement of which shocks the conscience of the chancellor. We have carefully examined the cases offered by plaintiff, and suffice to say that the factual situations in each of said cases are not comparable to the facts in the instant case.

A résumé of the record reveals that the plaintiff's testimony was in accord with the allegations of her pleading and presented some corroborative testimony; that the defendant's testimony was in accord with the allegations of his pleading and presented some corroborative testimony. There was a definite conflict in the testimony offered. There being such conflict the trial court was in a better position to give credence to the witnesses who testified before him, and of the weight to be given their testimony than this court, limited to a perusal of the record of the testimony.

From a résumé of the whole record, we find the judgment is not against the clear weight of the evidence. See Travis v. McCully, 186 Okl. 378, 98 P.2d 595; Mid-Continent Life Ins. Co. v. Sharrock, 162 Okl. 127, 20 P.2d 154, and cases therein cited.

The judgment is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner REED and approved by Commissioners CRAWFORD and NEASE, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.