## DIVISION OF AID FOR THE AGED, Plaintiff-Appellant v. MARSHALL, Admr., Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 3713. Decided June 20, 1944.

132

Thomas J. Herbert, Atty. Gen., Richard C. Gerken and Harry Illman, Asst. Attys. Gen., Columbus, for plaintiff-appellant.

Carrington T. Marshall, Columbus, for defendant-appellee.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court dismissing the petition of plaintiff after overruling of plaintiff's demurrer to the second defense of defendant's answer, plaintiff electing to plead no further.

Four errors are assigned which may be encompassed within the first two grounds thereof: (1) the court erred in overruling the appellant's demurrer to the second defense of the answer of the defendant; (2) the court erred in finding the State of Ohio bound by the limitations of §10509-133 GC.

The petition, in so far as material to this appeal, alleges that during the lifetime of decedent, Elizabeth Manley, she applied for, was granted and received old age assistance, and upon her death the plaintiff paid a burial award in the amount of $111.00, said payments aggregating $1458.04, for which amount it is alleged the plaintiff is a creditor of the estate of Elizabeth Manley, deceased, and presented its claim to the defendant administrator, who rejected said claim. The prayer

134

was for judgment against the defendant administrator in the sum of $1458.04 and costs.

Defendant administrator in the first defense of his answer, after admitting his appointment and qualifications as administrator of the estate of Elizabeth Manley, deceased, the presentation of the claim as alleged in the petition, and its rejection, generally denied all other allegations of the petition.

For a second defense, the defendant, after adopting fully all the allegations of his first defense, says that he was appointed administrator on December 30, 1942; that on February 1, 1943, plaintiff made claim as a creditor of the estate of Elizabeth Manley, deceased, in the sum of $1458.04, and at that time in writing demanded that the defendant endorse the allowance of said claim * *; that the defendant did not give to the claimant within five days after the presentation to him of the claim a written statement of the allowance of such claim which he deemed a rejection thereof; that thereafter defendant by letter informed the plaintiff that he deemed that his action in failing to make a written statement of allowance of the claim to be a rejection thereof and that he was preparing to close the estate without recognition of plaintiff's claim; that after said notification on June 2, 1943, defendant awaited further action by plaintiff for two months, and on August 7, 1943, filed his first and final account in the estate of Elizabeth Manley showing complete distribution thereof without taking into consideration the claim of the plaintiff, and that said final account of distribution was duly approved by the Probate Court of Muskingum County on September 8, 1943.

To this second defense of the answer the plaintiff interposed a demurrer "on the ground that on its face it is insufficient in law". This demurrer was overruled, and plaintiff electing to plead no further, this cause of action was dismissed. The trial judge, ruling upon the demurrer, handed down a short written opinion holding that:

"The plaintiff is an agency of government and is acting in a proprietary and not a governmental or soverign capacity and that therefore §10509-133 GC must be given application and by reason thereof plaintiff's right to proceed in its action was barred."

The basic claim of the plaintiff is, that that part of §10509-133 GC, which is applicable to the facts herein, is a statute of

limitation and as such may not be given application against the plaintiff, which is a division carrying on governmental func- tions of the State of Ohio in the administration of aid for the aged.

The section §10509-133 GC, provides in part that:

"When a claim against the estate of a deceased person has been presented to the executor or administrator, and has been rejected by him in whole or in part, * *, the claimant * * must commence an action thereon within two months after receipt of actual notice of such rejection * *, if the debt or any part of it be then due, * *, or be forever barred from maintaining an action thereon; * *."

The general rule is stated and conceded to be, that the statutes of limitation do not run against the State of Ohio unless the intention that they shall so run is obvious. **25 O. Jur., 630.** And it is urged by appellant that the two months period after rejection of the claim within which the action must be commenced proviso of the section discloses no intent that it should operate as against the State of Ohio and that it is a statute of limitation. It is urged by appellee that the limitation proviso is more than a statute of limitation, that its observance is a jurisdictional requisite without which the Common Pleas Court is without authority or power to proceed to adjudicate plaintiff's claim. In support of this contention, **Beach, Recr. v Mizner, Exr., 131 Oh St 481,** is cited

The Court in the cited case had under consideration §10509-112 GC, relating to presentation, allowance and rejection of claims, and §10509-134 GC, relating to reinstatement of a barred claim, and in the second syllabus held that:

"These sections are statutes of limitation (or nonclaim statutes) which bar creditors' claims unless presented to an executor or administrator within four months after the date of appointment."

In **Van Horn, et al. v Erbaugh, Admr., 38 Abs 574,** we made determination of the effect of §10509-134 GC, and held that:

"The proviso of §10509-134 GC, that 'a claim which is not presented within nine months of the appointment of the executor or administrator shall be forever barred as to all parties * * *,' limiting the rights of persons having claims within the four months period fixed in the statute of non-

claim (§10509-112 GC) is essentially a statute of limitations, the running of which is tolled by the filing, within nine months after the appointment of the executor or administrator, of a petition in the Probate Court for authority to present a claim after the expiration of the four month period; * *".

Beach v Mizner, supra, is not helpful upon the question presented here, although we do find marked analogy between that part of §10509-133 GC, which we have heretofore quoted, and that part of §10509-134 GC, which we consider in Van Horn v Erbaugh. It is, therefore, our opinion, that that part of §10509-133 GC providing that the claimant must commence an action on his rejected claim within two months after receipt of actual notice of its rejection or be forever barred from maintaining an action thereon, is a statute of limitation, and that we must consider whether or not it may be given effect against the claimant.

We are not satisfied that the State of Ohio, through its Division of Aid for the Aged Department of Public Welfare, in administering the aid for the aged provisions of our Code, is acting in a proprietary capacity. We have no authority in Ohio on the question, and there appears to be such a division in the adjudication of other states on the question that no good purpose would be served in discussing these cases. The exercise by a state or political subdivision of its police power is recognized as a governmental function.

"The police power has its origin, purpose and scope in the general welfare." **Champaign County v Church, 62 Oh St 318; Mirick v Gims, 79 Oh St 174.**

"A general definition of police power has been given as the power to guard public morals, safety and health, and to promote the public convenience and the common good. The inherent power in the state which permits it to prevent all things harmful to the comfort, welfare and safety of society."

An act of the State of Ohio which may be reasonably related to the public welfare of its citizens is an act of sovereignty. That the accomplishment of the beneficient purposes of the legislation encompassed within the act relating to aid for the aged relates to the general welfare of the public would seem to be a reasonable conclusion.

We are more impressed with the argument of appellee that the plaintiff should be shorn of its sovereign character when it files an action in court. The quotation of the 5th head-

note of **State, ex rel. Executor of Buttles, 3 Oh St 309**, is quite convincing of the soundness of appellee's contention. However, when this statement is read in conjunction with the facts under which it arose, we doubt if it should be given application here to defeat the well known principle of law that a statute of limitations does not have application to prevent the state maintaining a legal action in court.

It is urged by the appellee that the demurrer searches the record, and that it thus appears that the plaintiff cannot maintain its action because plaintiff has no legal capacity to sue and because the petition does not state a cause of action. We doubt if the principle that a general demurrer searches the record would reach the claim that the plaintiff has no legal capacity to sue. The demurrer is unusual in form, but the trial judge and counsel have at all times considered it as a general demurrer. The ground that a party has no legal capacity to sue is the subject of special demurrer.

**Sec. 11310 GC** provides that the demurrer shall specify the ground of objection to the petition. Unless it does so, it shall be regarded as objecting only that the court has no jurisdiction of the subject of the action, or that the petition does not state facts which show a cause of action. By parity of reasoning, although this section seems to be directed to a demurrer to the peittion, it is probable that it may and should be given application to a demurrer to an answer.

The petition is faulty by the holding of the Court in Beach v Mizner, supra, in that it did not allege that the claim was presented to the administrator within four months after his qualification. However, this infirmity is cured by the specific averments of the answer, wherein it appears that the claim was so presented. In this situation we feel that the spirit of the rule would be breached if we enforced its letter.

It is finally urged by appellee that the facts appearing in the answer constitute an estoppel against the plaintiff maintaining its action. We are of opinion that the answer standing alone is sufficient to state a defense of estoppel. The failure of the plaintiff to prosecute its claim at an earlier date in the light of the facts set up in the answer should, in the absence of some proper explanation of its apparent dereliction of duty, preclude its recovery on the claim asserted against the administrator. As Judge King well stated in his opinion:

"It would be most unfair to permit plaintiff to sit idly by, after notice that defendant was to close the estate, and then

after distribution was made, to then attempt to assert the claim."

The answer, in our judgment, was sufficient to require the plaintiff to reply thereto on the issue of estoppel made by the facts pleaded.

Judgment affirmed.

BARNES, P. J., and GEIGER, J., concur.