**STATE, Plaintiff, v. DRAKE, Admx., Defendant.**

Common Pleas Court, Franklin County.

No. 183042.   Decided April 7, 1952.

C. William O'Neill, Atty Genl., Gus Tarian, Asst. Atty. Genl., Columbus, for plaintiff.

Fred R. Wickham, Delaware, for defendant.

## OPINION

By REYNOLDS, J.

This case is before the Court on plaintiff's application for a rehearing of defendant's demurrer to plaintiff's petition which the Court in the original hearing sustained.

The reason for the sustaining of the demurrer was that the

suit was not brought within two months after the claim of plaintiff was rejected by the defendant as the administratrix of the estate of Lewis Drake, deceased.

Defendant was appointed and qualified as administratrix of the estate of Lewis Drake on June 6th, 1950, in the Probate Court of Delaware County.

On November 2, 1950, the Department of Public Welfare presented its claim against the estate for the support of Paul Drake who had been committed to the Columbus State Hospital, and who at the time of commitment was 21 years of age.

Defendant rejected the claim on November 28, 1950, and this suit was filed on June 14, 1951.

Sec. 10509-112 GC provides that:

"All claimants shall present their claims to the executor or administrator in writing * * * All claims shall be presented within four months after the date of the appointment of the executor or administrator * * * In the absence of any prior demand for allowance, the executor or administrator shall allow or reject all claims within thirty days after their presentation * * *"

Sec. 10509-133 GC provides as follows:

"When a claim against an estate has been rejected in whole or in part * * * the claimant must commence an action on the claim or that part thereof rejected, within two months after such rejection, if the debt or that part thereof rejected be then due, or within two months after the same becomes due, or be forever barred from maintaining an action thereon. * * *"

The pleading discloses that the claim was not presented within the statutory period and that after its rejection on November 28, 1950, suit was not begun until June 14, 1951, being more than six months thereafter.

It is the plaintiff's claim that the State of Ohio is not bound by the statutory limitation and that the Court erred in sustaining the demurrer and reliance is had on the decision of the Court of Appeals of the Second District in the case of **Division of the Aid for the Aged v. Marshall, Admr., 42 Abs, 131,** the second syllabus of which is as follows:

"That portion of §10509-133 GC providing that one asserting a claim against the estate of a deceased person must commence an action on his rejected claim within two months after receipt of actual notice of its rejection or be forever barred from maintaining an action thereon is a statute of limitation within the rule that such enactments do not run against the state."

The Trial Court had held that the Division of Aid for the

Aged was bound by the provisions of §10509-133 **GC** respecting the time for filing suit after a claim had been rejected, and had also overruled plaintiff's demurrer to defendant's second defense which was to the effect that defendant was appointed administrator on December 30, 1942, and on February 1, 1943, plaintiff presented .its claim as a creditor of the estate of Elizabeth Manley, deceased, and demanded that defendant endorse the allowance of said claim thereon; that defendant did not give plaintiff a written statement of the allowance of said claim and which defendant considered a rejection thereof; that thereafter defendant by letter informed the plaintiff that he considered his failure to allow the claim in writing was a rejection and that he was preparing to close the estate without a recognition of plaintiff's claim. That this written notice was given on June 2, 1943, and on August 7, 1943, the defendant filed his first and final account in the estate showing a complete distribution, and this account was approved on September 8, 1943.

Not until after defendant's discharge was suit filed.

The Court overruled plaintiff's demurrer to the second defense and rendered judgment for the defendant for the reason that the action was not brought within the statutory period.

While the Appellate Court did state in its opinion that the state was not precluded from prosecuting its action for the failure to bring suit within the two month period provided by the statute, it did affirm the judgment of the lower court for the reason that the second defense set out a good defense by way of estoppel.

Since the basis of the estoppel was a failure to bring any action until after the estate was closed, and after being advised by the Administration that he was going to close the estate, it would seem that the statutory provision did have some relation to the final determination of the case.

There would seem to be but little distinction in principle between a statutory requirement that the suit be brought within two months after the rejection of the claim, and a judicial determination that a failure to timely file suit after the administrator advised the claimant of his intention to close the estate, will preclude recovery. Since the latter was deemed to be the governing factor in the final decision, what the Court said about the state not being bound by the two months limitation is, as the Court observed in **Division of Aid for the Aged v. Wargo, 48 Abs 47** but dictum.

The first syllabus in the case of Division of Aid for the Aged v. Marshall, supra, is as follows:

"Statutes of Limitations do not run against the state unless the legislative intention that they so run is obvious."

The conclusion there is that if the legislative intention is obvious, that the state shall be bound then that intent must be carried out.

It must be concluded that the primary purpose of the Statute providing for the presenting of claims and bringing suit on rejected claims was to expedite the administrator of estates. If this purpose can be defeated by the delay of a branch of the state government, both in presenting a claim, and in bringing suit after the claim was rejected, then the legislative intent is unfulfilled.

In the Wargo case, supra, decided after the Marshall case, the Court held as follows:

"The Division of Aid for the Aged, although an agency of the State of Ohio, is bound by the provisions of §10509-133 GC, and must commence an action upon its claim against the estate of a deceased person within two months after receipt of actual notice of rejection or reduction of such claim by the executor or administrator thereof."

The Court made a careful and exhaustive review of the authorities, and in its opinion said:

"What is the statutory purpose of requiring all suits on rejected claims to be brought within two months of the date of rejection? The purpose clearly is to facilitate the administration of estates and to permit them to be settled and disposed of without delay. If the Statute is to attain its object, it must be held to be an inclusive statute and to apply to all claims. The statute makes no exceptions, and no hardship is imposed on the state in holding it to strict compliance. * * *

"We have considered this question more carefully because of the contrary opinion expressed by Hornbeck, J., in the case of **Division of Aid for the Aged v. Marshall, 42 Abs, 131.** The standing of Judge Hornbeck is such that it is with reluctance that we have reached a different conclusion. However, what is said by Judge Hornbeck in the case about the state and the statute of limitations is pure dictum because the actual decision in the case was that the answer in the action to enforce the state's claim was sufficient to assert a defense of estoppel 'even though the statute of limitations contained in §10509-133 GC does not run against the state.' Judge Hornbeck stressed the fact that the plaintiff is an agency of government carrying on governmental functions in the administration of aid for the aged. This, no doubt, is true, but what is its importance? The desirability of having claims filed promptly and suits brought within two months of their

rejection applies to all claims of the state, whether governmental or proprietary. What we are really dealing with here is a construction of §10509-133 GC and it is our opinion that this section incudes all claims against an estate of a deceased person, including claims held by the state, and that the fact that the claim is based upon the exercise of a governmental function is of no importance."

The Court in that case had the identical question here presented and its conclusion that the state is governed by §10509-133 GC was necessary to the Court's decision which is not true of the Marshall case.

This Court, having concluded that the obvious intent of the legislature was to make no exceptions to the requirement that suits against administrators and executors be brought within two months after the rejection of a claim, finds that the State is bound thereby.

The demurrer to the amended petition is again sustained.