The judgment for the defendant, vacating the default judgment against him and dismissing the case for want of jurisdiction, is affirmed.

*Judgment affirmed.*

HURD and KOVACHY, JJ., concur.

DIVISION OF AID FOR THE AGED, DEPARTMENT OF PUBLIC WELFARE, APPELLANT, *v.* MULL ET AL., EXRXS., ET AL., APPELLEES.

(No. 5073—Decided November 6, 1957.)

*Mr. William Saxbe,* attorney general, and *Mr. George V. Fisher,* for appellant

*Messrs. Ribble & Jones,* for appellees.

PETREE, P. J. This is an appeal on questions of law from the Common Pleas Court which sustained a demurrer to the petition of the plaintiff, appellant herein, and later dismissed an amended petition of the plaintiff upon the ground that the action was not brought within the time prescribed by Section 2117.12, Revised Code.

While there are four assignments of error which we are required to consider in this case, the sole question presented is whether plaintiff, being a division of the state of Ohio, is subject to the limitations of Section 2117.12, Revised Code, formerly Section 10509-133, General Code.

The Common Pleas Court held in its decision rendered on December 10, 1952, that the statute of limitations applied and sustained the demurrer against the plaintiff in a case which was filed one year and five days after the executrices of the estate rejected the claim.

In *Division of Aid for the Aged* v. *Marshall, Admr.*, 42 Ohio Law Abs., 131, 59 N. E. (2d), 942, decided on June 20, 1944, the Court of Appeals for Franklin County unanimously held as follows in headnotes 1 and 2:

"1. Statutes of limitation do not run against the state unless the legislative intention that they so run is obvious.

"2. That portion of Section 10509-133, General Code, providing that one asserting a claim against the estate of a deceased person must commence an action on his rejected claim within two months after receipt of actual notice of its rejection or be forever barred from maintaining an action thereon is a statute of limitation within the rule that such enactments do not run against the state."

We feel bound to follow that rule because of the decision of our Supreme Court in *Wasteney* v. *Schott, Treas.*, 58 Ohio St., 410, 51 N. E., 34, the syllabus of which reads as follows:

"1. The rule that statutes of limitation do not run against the state unless it is expressly so provided, is applicable in actions where the state, though not a party to the record, is the real party in interest.

"2. While actions under Section 2859, of the Revised Statutes, for the collection of personal taxes, are required to be brought in the name of the county treasurer, they are prosecuted in the interest and for the benefit of the state, and the plea of the statute of limitations is not available. *Hartman* v. *Hunter*, 56 Ohio St., 175, distinguished."

That decision was cited in *Kemper* v. *Apollo Building & Loan Co.*, 5 N. P. (N. S.), 403, at page 411, 18 O. D., 484, which was decided by Hunt, J., in Hamilton County in 1907, and was

cited and followed in *Cleveland & Pittsburgh Rd. Co.* v. *City of Cleveland,* 15 C. C. (N. S.), 193, at page 205, 23 C. D., 482. The latter case, decided by the Cuyahoga County Circuit Court in 1910, was affirmed without opinion in *City of Cleveland* v. *Cleveland & Pittsburgh Railroad Co.,* 87 Ohio St., 482, 102 N. E., 1121. A search of Shepard does not reveal that the Supreme Court has ever changed its position.

Obviously, a reading of Section 2117.12, Revised Code, does not disclose that the Legislature had any intention in derogation of the common-law rule that the statute of limitations does not run against the state.

It is our opinion that the demurrer should not have been sustained and the facts should have been heard to determine whether the case falls within the holding of laches as outlined by Judge Hornbeck in his decision in *Division of Aid for the Aged* v. *Marshall, supra.*

For the reasons mentioned, we hold that assignments of error No. 1, No. 2 and No. 4 are well taken; and, therefore, the judgment of the Court of Common Pleas is reversed. Assignment of error No. 3 is held not applicable in this case.

This decision is in conflict with that of the Eighth District Court of Appeals, Cuyahoga County, in *Division of Aid for the Aged* v. *Wargo, Exr.,* 48 Ohio Law Abs., 47, 73 N. E. (2d), 701, and will be certified if desired.

*Judgment reversed.*

BRYANT and MILLER, JJ., concur.