BAKER, EXR., ET, PLAINTIFF, *v.* CHARLES, DISTRICT DIRECTOR OF INTERNAL REVENUE, ET, DEFENDANTS.

Probate Court, Montgomery County.

No. 160825.   Decided August 5, 1963.

*Messrs. Baggott & Johnston,* By *Mr. Horace W. Baggott,* for executor.

*Mr. Joseph P. Kinneary,* United States Attorney, By *Mr. Ronald G. Logan,* assistant United States Attorney, for Phillip L. Charles, District Director of Internal Revenue.

ZIMMERS, J.   This cause is before the Court upon the Petition for Instructions filed by Lynne E. Baker, Executor of the

Estate of Ril T. Baker, deceased, in which Philip L. Charles, District Director of Internal Revenue and Nelle S. Metz, sole beneficiary under said decedent's will, have been named defendants and are properly before the Court.

The record shows that the claim of the United States Government for withholding and Social Security taxes unpaid by the decedent for the period commencing March 31, 1951, through March 31, 1961, is in the amount of $331.54, plus penalty in the amount of $82.93, plus accrued interest in the amount of $115.88 or a total amount of $530.35, plus interest at the rate of 6% from October 20, 1962, the date on which said claim was presented in writing to the fiduciary of the estate. Said Executor was appointed as such on the 17th day of February, 1961, and said presentation was more than four months and more than nine months after said appointment date. On October 24, 1962, the claim of the United States Government was rejected on the grounds that it was not timely filed. It must be noted that the rejection was in no way based upon the merits of the claim. On December 6, 1962, the United States Government again submitted in writing a claim and again on the same basis the claim was rejected by the Executor.

Section 2117.06, Revised Code, provides that all creditors must present their claims to the fiduciary in writing within four months after his appointment or be forever barred thereon. Section 2117.07, Revised Code, provides that upon certain grounds a claim not presented within four months may be presented before the expiration of nine months from the appointment upon petition to the Probate Court for permission to do so. It is the position of the Executor, through his counsel, that these sections apply to the United States Government and that failure to comply with the same results in such claim being barred against the assets of the decedent's estate. It is the contention of the United States Government through its Assistant District Attorney that Sections 2117.06 and .07, Revised Code, are statutes of limitation and do not bind the Federal Government pursuant to the usual rule that sovereign states are not bound thereby. He cites *United States* v. *Summerlin*, 310 U. S., 414 (1940), *Board of County Commissioners of County of Jackson* v. *United States of America*, 308 U. S., 343 (1939), and in *In re Moore's Estate*, 154 N. E. (2d), 675, 79 Ohio Law Abs., 112

(1959), decided by the Probate Court of Franklin County, Ohio.

The Court is of the opinion that the case at bar should be decided on the basis of legal authority in addition to that cited by counsel. Section 2117.25, Revised Code, provides in part as follows:

"Every executor or administrator shall proceed with diligence to pay the debts of the deceased and shall apply the assets in the following order: . . .

"(D) Debts entitled to a preference under the laws of the United States; . . .

"*. . . The executor or administrator shall pay debts included in divisions (D) and (F) of this section, of which he has knowledge, regardless of presentation.*" (Emphasis added.)

The above emphasized portion of the statute was enacted as an amendment thereto, effective August 22, 1941 (then Section 10509-121, General Code). Title 31, paragraphs 191 and 192, of the United States Code make all debts due to the United States a preferred claim.

It is well established that the general purpose of Sections 2117.06 and .07, Revised Code, is to facilitate the early completion of administration proceedings. See *Pierce* v. *Johnson*, 136 Ohio St., 95 (1939). Notwithstanding this general purpose, however, the legislature has clearly manifested the intent that the sovereigns which have a claim against a decedent's estate and which claim comes to the knowledge of the fiduciary, should be paid regardless of whether or when the claim was presented. See Section 2117.25, Revised Code. While the application of the above quoted portions of Section 2117.25, Revised Code, might present some difficulty in a case in which the fiduciary does not have knowledge of the sovereign's claim until after he has fully distributed the decedent's estate, the record of the case at bar does not indicate that that question is now before this Court. The very filing of this petition by the Executor indicates that he has knowledge of the claim and that he wishes instructions before he makes final distribution of the decedent's estate.

Furthermore, the Court is of the opinion that Section 2117.12, Revised Code, a section which requires a claimant of a rejected claim to proceed with an action within two months after the rejection of such claim or be forever barred does not apply. This section is clearly a statute of limitation and does not bind

the sovereign. See cases cited by *Assistant District Attorney and Division of Aid* v. *Marshall,* 42 Ohio Law Abs., 131 (Appellate) and *Division of Aid for the Aged* v. *Mull,* 105 Ohio App., 305, 6 Ohio Opinions (2d), 100 (Appellate). This Court is of such opinion notwithstanding some authority to the contrary. See *Division of Aid* v. *Wargo,* 48 Ohio Law Abs., 47, 73 N. E. (2d), 701 (Appellate), and *State* v. *Drake,* 47 Ohio Opinions, 401, 106 N. E. (2d), 91 (Common Pleas).

By dicta the Supreme Court of Ohio had indicated that the sovereign state would not be bound by the statutes which require presentation of claims in writing. See *State* v. *Coburn,* 133 Ohio St., 192. The legislature clarified this question by passing the above quoted amendment to Section 2117.25, Revised Code. Since the purpose of Sections 2117.06 and 2117.07, Revised Code, is synonomous with Section 2117.12, Revised Code, i. e. early completion of administration, this Court is of the opinion that the better view is reflected in the authorities adopted herein which hold that the sovereign is not bound by Section 2117.12, Revised Code.

The above quoted portion of Section 2117.25, Revised Code, obviously does not foreclose the fiduciary of a decedent's estate from objecting to a claim on the basis of the merits. How then, if the sovereign will not proceed legally to determine the merits of a rejected claim, does the fiduciary of a decedent's estate place himself in a position to complete the administration? While we do not have a dispute on the merits of the claim in the case at bar, it could be contended that Section 2117.12, Revised Code, must apply to the sovereign with that problem in mind. With this contention this Court would not agree. If the sovereign does not proceed on the merits after a claim has been rejected, the fiduciary of the estate can adopt the course of procedure exactly as the executor in the case at bar did. By making the sovereign claimant a party to an adversary proceedings for instructions or a declaratory judgment he may have the matter resolved in a fashion which binds the sovereign.

In any event this Court is of the opinion that Sections 2117.06, 2117.07 and 2117.12, Revised Code, do not apply to the United States Government on the facts presented in the case at bar and that the executor of the estate of Ril T. Baker, deceased, having no objection to the merits of the claim of the

United States Government, must pay the same before distributing the assets of the estate to the sole beneficiary.

An entry may be drawn accordingly, with costs to the estate.