OHIO DEPARTMENT OF HUMAN SERVICES, Appellee,

v.

**EASTMAN et al., Appellants.**

[Cite as *Ohio Dept. of Human Serv. v. Eastman* (2001), 145 Ohio App.3d 369.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 20471.

Decided Aug. 1, 2001.

*Betty D. Montgomery,* Attorney General, and *Robert J. Byrne,* Assistant Attorney General, for appellee.

*Deidre A. Hanlon,* for appellee.

*David R. Eastman,* for appellants.

BATCHELDER, Presiding Judge.

Appellants, Fred E. Eastman and Brian Hice, co-executors of the estate of E. Catherine Holman ("the executors"), appeal the entry of summary judgment against them in the Summit County Court of Common Pleas. We affirm.

Holman died on January 16, 1997. On May 19 and 20, 1998, the Ohio Department of Human Services ("ODHS") presented a claim to the estate pursuant to R.C. 5111.11 and Section 1396p, Title 42, U.S.Code, to recover $15,168.23 in Medicaid funds expended upon Holman prior to her death. The estate rejected the claim.

On June 12, 1998, the ODHS filed suit against the executors to recover the Medicaid funds. On December 11, 1998, the parties entered into a stipulated agreement, stating that no facts were at issue and the sole issue for the trial court's determination was whether the ODHS's claim against the estate was barred by the operation of R.C. 2117.06(B) and (C). The ODHS moved for summary judgment on January 4, 1999. The executors responded in opposition on February 23, 1999. The trial court denied the ODHS's motion for summary judgment on April 1, 1999, finding material issues of fact to be in dispute. The ODHS moved the trial court to reconsider its denial of summary judgment on April 7, 1999. The trial court reconsidered its denial of summary judgment, entering summary judgment in favor of the ODHS on August 18, 1999. On February 9, 2001, the trial court entered judgment in favor of the ODHS in the amount of $15,168.23. This appeal followed.

The executors assert one assignment of error:

"The trial court erred as a matter of law by holding that the state was not barred by the statute of limitations in Ohio Revised Code Section 2117.06 and by granting the appellee summary judgment."

The executors aver that the trial court erred in finding that the limitation provisions and the non-claim provisions bar suits even by the state. We disagree.

Pursuant to Civ.R. 56(C), summary judgment is proper if "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Appellate review of a lower court's entry of summary judgment is *de novo,* applying the same standard used by the trial court. *McKay v. Cutlip*

(1992), 80 Ohio App.3d 487, 491, 609 N.E.2d 1272, 1274–1275. Moreover, as this cause was presented at the trial court solely on a pure issue of law and is so presented here, our standard of review is *de novo*. *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm* (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684, 686 ("Unlike determinations of fact which are given great deference, questions of law are reviewed by a court *de novo*.").

The statute at issue here provides:

"(B) All claims shall be presented within one year after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that one-year period. Every claim presented shall set forth the claimant's address.

"(C) A claim that is not presented within one year after the death of the decedent shall be forever barred as to all parties, including, but not limited to, devisees, legatees, and distributees. No payment shall be made on the claim and no action shall be maintained on the claim, except as otherwise provided in sections 2117.37 to 2117.42 of the Revised Code, with reference to contingent claims." R.C. 2117.06.[1]

We will first review the evolution of Ohio law on this issue. Historically, common law provided that the state is exempt from the operation of a statute of limitations. *Ohio Dept. of Transp. v. Sullivan* (1988), 38 Ohio St.3d 137, 140, 527 N.E.2d 798, 800–801. Interpreting G.C. 10509–133 (predecessor section to R.C. 2117.12), the court in *Div. of Aid for the Aged v. Marshall* (App.1944), 42 Ohio Law Abs. 131, 59 N.E.2d 942, found the statute to be one of limitation, and, accordingly, not a bar in an action commenced by the state. In *Div. of Aid for the Aged v. Wargo* (App.1947), 48 Ohio Law Abs. 47, 73 N.E.2d 701, the Ohio Department of Public Welfare brought suit against the estate of Mary Wargo for repayment of the aid that she had received. The court, interpreting the predecessor statute to R.C. 2117.12, distinguished non-claim statutes from those of limitation, finding that the statute at issue was a non-claim statute, expressing the drafter's intent that all claims presented after a certain date be barred. *Id.* 48 Ohio Law Abs. at 52–53, 73 N.E.2d at 702. The court found that the *Marshall* court's resolution of the issue to be dicta and unpersuasive. Accordingly, the court found that even claims by the state were barred by such a statute. *Id.* 48 Ohio Law Abs. at 53, 73 N.E.2d at 703. The court in *State v. Drake* (C.P.1952), 47 O.O. 401, 106 N.E.2d 91, reviewed the decisions in *Marshall* and *Wargo* and concluded that *Marshall* was dicta and that the *Wargo* court's resolution of the matter was controlling. *Id.* at 403–404, 106 N.E.2d at 93–94 The same court

---

1. Subsection (B) of R.C. 2117.06 was substantially changed and subsection (C) was added in an amendment effective on May 31, 1990.

that passed upon the cause in *Marshall* was faced with the issue again, and similarly found the state not to be barred by the provisions of R.C. 2117.12 in *Div. of Aid for the Aged v. Mull* (1957), 105 Ohio App. 305, 6 O.O.2d 100, 152 N.E.2d 295. The court in *Baker v. Charles, Dist. Dir. of Internal Revenue* (1963), 31 O.O.2d 310, 202 N.E.2d 646, found that claims brought by the federal government were not barred by the limitations period and non-claim provisions of R.C. 2117.06. That determination, however, is not in conflict with the conclusions reached in the previous causes, such as *Wargo,* as the United States Supreme Court has found that claims by the United States are not barred by a state non-claim statute. *United States v. Summerlin* (1940), 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283. However, that does not necessarily resolve whether the state is barred by such a statute. See, *e.g., In re Estate of Moore* (Fla.App.1962), 145 So.2d 293, 294–295. Hence, although some of these decisions evidence a distinction between statutes of limitations and of non-claim, none deal with R.C. 2117.06 regarding claims by the state. The Ohio Supreme Court passed upon the issue of a generally worded statute of limitations in *Sullivan.* The court found that "absent express statutory provision to the contrary, [the state] is exempt from the operation of a generally worded statute of limitations. This rule serves the public policy of preserving the public rights, revenues, and property from injury and loss." *Sullivan* at syllabus.

■ A non-claim statute is one that "extinguish[es] a claim that is not timely asserted," while a statute of limitations is "[a] statute establishing a time limit for suing in a civil case[.]" Black's Law Dictionary (7 Ed.Rev.1999) 1421–1422. Hence, subsection (B) of R.C. 2117.06 appears to be a statute of limitations, while subsection (C) of R.C. 2117.06 appears to be a non-claim statute. But that is of little import for, despite the distinction made in some of the above cases regarding R.C. 2117.12, the Ohio Supreme Court has passed upon this issue regarding G.C. 10509–112 (predecessor section to R.C. 2117.06), stating that "[t]hese sections are statutes of limitation (or non-claim statutes) which bar creditors' claims unless presented to an executor or administrator within four months after the date of appointment." *Beach v. Mizner* (1936), 131 Ohio St. 481, 6 O.O. 155, 3 N.E.2d 417, paragraph two of the syllabus. Hence, these terms appear to be of similar import in Ohio.

■ Common law provides *nullum tempus occurrit regi*—time does not run against the king—or against the state—*nullum tempus occurrit reipublicae.* *Sullivan,* 38 Ohio St.3d at 140, 527 N.E.2d at 800–801; *In re Will of Bogert* (1958), 64 N.M. 438, 444, 329 P.2d 1023, 1026–1027. Statutes in derogation of common law must be strictly construed. *Nobles v. Wolf* (1990), 54 Ohio St.3d 75,

81, 562 N.E.2d 144, 149–150; *Royce v. Smith* (1981), 68 Ohio St.2d 106, 115, 22 O.O.3d 332, 338, 429 N.E.2d 134, 140. Moreover, the Ohio Supreme Court has held that "[t]he state, absent express statutory provision to the contrary, is exempt from the operation of a generally worded statute of limitations. This rule serves the public policy of preserving the public rights, revenues, and property from injury and loss." *Sullivan* at syllabus. Knowing the Ohio Supreme Court's holding in *Sullivan,* the legislature amended R.C. 2117.06(B) and (C) but did not include an "express statutory provision" abrogating the general rule that such statutes do not apply to claims by the state.[2] *Id.* Hence, regardless of any distinction between the force and effect of statutes of limitations and non-claim statutes, we are compelled to follow *Sullivan* and find the state's claim not to be time-barred by the operation of R.C. 2117.06(B) and (C), as they are generally worded statutes of limitation (or non-claim), in that they do not specifically foreclose claims by the state. See *Bogert,* 64 N.M. at 444, 329 P.2d at 1026–1027 ("In view of the fact that in New Mexico we are committed to a strict construction of statutes authorizing suits against the state * * * we are brought inevitably to the conclusion that the claim involved under controlling principles is not barred."). Accordingly, we conclude that the trial court did not err.

The executors' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BAIRD and WHITMORE, JJ., concur.

---

**2.** In his dissent in *Ohio Dept. of Transp. v. Sullivan* (1988), 38 Ohio St.3d 137, 141, 527 N.E.2d 798, 801, Justice Herbert R. Brown states that "I believe that the statutes of limitations in Ohio are, by the plain language chosen by the legislature, made applicable to the state." However, due to the legislature's subsequent action, we find this argument to no longer be applicable.