## In re ESTATE OF CENTORBI; Ohio Department of Job and Family Services, Appellant; Centorbi, Appellee.

[Cite as In re Estate of Centorbi, 186 Ohio App.3d 263, 2010-Ohio-442.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 93501.

Decided Feb. 11, 2010.

Richard Cordray, Attorney General, and Robert J. Byrne, Assistant Attorney General; and Weltman, Weinberg & Reis Co., L.P.A., Alan H. Weinberg, and Sara M. Donnersbach, Special Counsel for Ohio Attorney General, for appellant.

MARY EILEEN KILBANE, Judge.

{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Appellant, the state of Ohio, appeals the trial court's decision that denied the state's application to reopen an estate in order to file its claim for Medicaid reimbursement. After a review of the record and applicable law, we affirm.

{¶ 2} The following facts give rise to this appeal.

{¶ 3} Josephine Centorbi ("decedent") died intestate on February 12, 2007. On December 21, 2007, decedent's sister, Diane Nancy Fiorille, filed an application to relieve the estate from administration. The trial court granted the application the same day.

{¶ 4} On December 11, 2008, the state filed an application to vacate the final accounting and reopen the estate. The trial court scheduled a hearing for January 20, 2009. The state failed to appear, and the petition was dismissed.

{¶ 5} On January 27, 2009, the state filed a second application to vacate the order releasing assets from administration.[1] On March 30, 2009, a magistrate held a hearing on the application. On April 10, 2009, the magistrate issued a decision denying the application after concluding that pursuant to R.C. 2117.061 the time for the state to file its claim against the estate had expired.

---

1. Although this application was titled slightly different from the previously filed application, the two applications were nearly identical and cited the same case law.

{¶ 6} On April 17, 2009, the state filed objections to the magistrate's decision. The state maintained that the statute of limitations outlined in R.C. 2117.061 did not apply. On June 3, 2009, the trial court overruled the objections and adopted the magistrate's decision.

{¶ 7} The state appealed, asserting one assignment of error for our review: Whether the probate court magistrate committed reversible error by denying appellant's objections to magistrate's decision which denied appellant's application to vacate final accounting and reopen estate based upon its interpretation of Ohio Revised Code 2117.061.

{¶ 8} The state argues that the one-year statute of limitations to file a claim against an estate pursuant to R.C. 2117.061 did not begin to run and, in the alternative, if the time has now expired, the one-year statute of limitations does not apply. However, after a review of the applicable law, we disagree.

{¶ 9} The state alleges that the decedent was a Medicaid recipient. The individual responsible for an estate must, pursuant to R.C. 2117.061(B)(3), complete a Medicaid estate-recovery form within 30 days of filing an application to relieve the estate from administration. On the application, to relieve the estate from administration, the applicant must check the box that indicates that the "[d]ecedent was 55 years of age or older at the time of death and was a recipient of medical assistance under Chapter 5111 of the Revised Code." This language may have been confusing to the decedent's sister, who filed the application without an attorney. It is undisputed that the box was not checked and that the Medicaid estate-recovery form was never completed.

{¶ 10} The state argues that because the form was never completed, the statute of limitations has not been triggered. However, this interpretation contradicts the clear language of the statute. "When the language of a statute is plain and unambiguous and conveys a clear and definite meaning," this court does not need to interpret the statute. *Symmes Twp. Bd. of Trustees v. Smyth* (2000), 87 Ohio St.3d 549, 553, 721 N.E.2d 1057, citing *Meeks v. Papadopulos* (1980), 62 Ohio St.2d 187, 190, 16 O.O.3d 212, 404 N.E.2d 159.

{¶ 11} The pertinent portion of R.C. 2117.061(E) in effect at the time of the decedent's death, detailing the time limitations for filing a claim against an estate, states:

The administrator of the Medicaid estate recovery program shall present a claim for estate recovery to the person responsible for the estate of the decedent or the person's legal representative not later than ninety days after the date on which the Medicaid estate recovery reporting form is received under division (B) of this section or one year after the decedent's death, whichever is later.

{¶ 12} The language of R.C. 2117.061(E) is clear in its intent to impose a maximum period of one year from the decedent's death to file a claim. If the legislature had intended the completion and submission of the Medicaid estate recovery reporting form to be a prerequisite to filing a claim, the legislature would not have specifically used the language "or one year after the decedent's death, whichever is later." (Emphasis added.) Therefore, this argument is without merit.

{¶ 13} The decedent died on February 12, 2007. The state did not file its first application to reopen the estate until December 11, 2008, nearly ten months beyond the one-year statute of limitations. The application was dismissed by the trial court. The state filed its second application to reopen the estate on January 27, 2009, nearly two years after the decedent's death, and almost a year beyond the applicable statute of limitations. Clearly, the application was not timely filed.

{¶ 14} The state further argues that even if the one-year statute of limitations applied, despite the Medicaid estate-recovery form not being completed, statutes of limitation are inapplicable to the state unless the statute specifically provides that the time limitation applies to the state.

{¶ 15} The state urges this court to adopt the rationale in a factually similar Ninth District case, *Ohio Dept. of Human Serv. v. Eastman* (2001), 145 Ohio App.3d 369, 763 N.E.2d 193. In Eastman, the state did not bring its claim for Medicaid reimbursement against the estate for more than a year after the decedent's death. The Eastman court analyzed R.C. 2117.06(B), a broad statute governing virtually all creditor claims against an estate.

{¶ 16} As the basis for its decision, Eastman relied on the well-established principle outlined in *Ohio Dept. of Transp. v. Sullivan* (1988), 38 Ohio St.3d 137, 140, 527 N.E.2d 798, which held that the generally worded statutes of limitations do not apply as a bar against the state. Sullivan emphasized the protection of government assets as the reason for this rule.

{¶ 17} We find the state's reliance on Eastman misplaced. In Eastman, R.C. 2117.06(B) was the statute at issue and stated that "[a]ll claims shall be presented within one year after the death of the decedent." The statute clearly failed to specifically limit the state's time to file a claim; therefore, pursuant to Sullivan, as a generally worded statute, it was inapplicable to the state.

{¶ 18} However, the statute at issue in the instant case is the version of R.C. 2117.061(E) in effect at the time of the decedent's death in 2007, which unlike R.C. 2117.06(B) at issue in Eastman, does not provide a general one-year time limitation; rather, it provides a one-year time limitation specifically for the "administrator of the Medicaid estate recovery program." The goal of the statutory scheme governing claims against an estate is to efficiently and expedi-

tiously resolve these issues. *Reid v. Premier Health Care Serv.* (Mar. 19, 1999), Montgomery App. No. 17437, 1999 WL 148191. The legislature addressed this issue when it specifically imposed a one-year statute of limitations for Medicaid claims.

{¶ 19} Therefore, the state's sole assignment of error is overruled.

Judgment affirmed.

McMONAGLE, J., concurs.

GALLAGHER, A.J., dissents.

SEAN C. GALLAGHER, Administrative Judge, dissenting.

{¶ 20} I respectfully dissent from the majority view that R.C. 2117.061(E) clearly imposes a maximum period of one year from the date of decedent's death for the state to file a claim against the estate. The majority view would allow a representative of a decedent's estate to intentionally not fill out a Medicaid estate-recovery form, and by failing to do so, to retain an undeserved windfall upon the expiration of one year from the date of decedent's death.

{¶ 21} It is clear that R.C. 2117.061(E) is written in the alternative. A claim must be made within 90 days from the date a completed form is received *or* within one year following decedent's death, with the deciding option being "whichever is later."

{¶ 22} Because a completed Medicaid estate-recovery form was never received by the state, the provision requiring a claim within one year of decedent's death resolves only half the puzzle. In order for the 90–day clock to run on the first option, the form must actually be received. Since it was not, I cannot find that the lapse of one year from the date of decedent's death alone satisfies the requirement that this option is the one that occurred later.